UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Criminal Case No. 22-20334
v.                                    Honorable Linda V. Parker

D-1 ABDULAWAHAB MUSLEH,

       Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER (ECF NO. 34) AND DENYING AS MOOT DEFENDANT'S MOTION FOR NOTICE OF 404(B) EVIDENCE (ECF NO. 32)

Defendant Abdulawahab Musleh is charged in an eight-count Indictment with: four (4) counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); three (3) counts of Use and Brandishing of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); and one (1) count of Use and Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c).

The charges arise from a series of robberies at three gas stations and one grocery store in Dearborn, Michigan between May and June 2022, (the "2022 robberies").  Defendant now moves to sever the indictment and for an order directing the Government to notify him of the evidence it intends to proffer pursuant to Federal Rule of Evidence 404(b).

## Factual Background

On May 15, 2022, a Citgo gas station in Detroit was robbed.  The robber brandished a firearm at the cashier and ordered him to turn over the money from the register.  The robber left with approximately $2,900. The cashier stated that the robber was wearing blue gloves during the robbery.  Moreover, surveillance video shows the robber wearing a blue face covering, black jacket, jeans, and a hat that reads "Detroit" in white lettering.  (*See* ECF No. 42 at PageID 626.)

On June 3, 2022, a Marathon gas station in Dearborn was robbed. The robber brandished a firearm and told the cashier to give him "everything," and also told a customer to "be still." The robber fled with approximately $1,300. Surveillance video shows the robber wearing a black jacket, blue jeans, a blue face covering, a blue glove, white and dark colored "Jordan style" shoes, and a hat that reads "Detroit" in white lettering.  (*See* ECF No. 35-2 at PageID. 306.)  An eyewitness described the robber as an Arab male with a thin build around 5'10" in height.  The witness further described the suspect as leaving in a dark colored sedan with turn signals on the front fenders behind the wheel wells and dark colored wheels.  (*See id.*)

On June 11, 2022, a Sunoco gas station in Detroit was robbed.  The robber brandished a firearm and demanded money from the cashier.  The robber fled with money collected from the cashier.  Surveillance video shows the robber wearing a

2

black jacket, blue jeans, dark colored shoes, a scarf around his face, and a hat that reads "Detroit" in white lettering.

On June 15, 2022, the Al-Bushra Market in Dearborn was robbed.  The robber brandished a firearm and demanded money from a customer.  The customer did not furnish any money to the robber.  The robber then discharged his firearm into the ceiling and demanded money from the cashier while ordering the first customer to assist the cashier in emptying the register.  A second customer was forced to the ground at gunpoint.  While exiting, the robber demanded money from a third customer, who gave the robber his wallet containing money, credit cards, bank cards, and driver's license.  Surveillance video shows the robber wearing blue jeans, a blue face covering, and a hat that reads "Detroit" in white lettering.  An eyewitness described the robber as a Black male with a thin build.

When police arrived at the Al-Bushra Market, they conducted an investigation.  They recovered a spent shell casing of a 9mm Luger.  Further, using a license plate reader system (LPR), officers were able to identify a BMW in the vicinity of the market at the time of the robbery.  Officers were able to also identify the same vehicle in the vicinity of the Marathon gas station when it was robbed. Through a LEIN check, officers determined that Defendant was listed as an occupant at the address where the BMW was registered.  A criminal history check revealed that Defendant had a felony conviction stemming from Louisiana.

Lastly, police identified a fingerprint from a plastic barrier the robber touched.  Officers connected that fingerprint to Defendant by comparing it to a fingerprint card from a prior arrest.

On June 16, 2022, Dearborn Police Department officers conducted surveillance of the address connected to Defendant and arrested him as he exited the premises.  Officers found a BMW key in Defendant's front pocket when they searched him incident to his arrest.  Upon questioning, Defendant directed officers to where the BMW would be located.  Relying on statements given by Defendant, a search warrant was obtained for the BMW and Defendant's premises.  A black coat, blue face covering, blue latex gloves, white and dark colored shoes, and a hat that reads "Detroit" in white lettering were found in the vehicle.  A second hat that reads "Detroit" in white lettering was found inside the premises, under Defendant's mattress.  Defendant now moves: (1) to sever the indictment; and (2) for notice from the Government regarding evidence pursuant to Federal Rule of Evidence 404(b).

## Parties' Arguments

With respect to Defendant's motion for severance, he argues: (1) the counts of the Indictment are misjoined under Rule 8(a) of the Federal Rules of Criminal Procedure; (2) the number of counts in the Indictment will prejudice Defendant; and (3) the joinder of these counts will impact Defendant's right to testify.  With

respect to Defendant's motion for notice regarding Rule 404(b) evidence, he argues that the Government's notice must identify the specific nature of the other acts.

In opposition to Defendant's motion for severance, the Government argues: (1) the counts of the Indictment are appropriately joined; (2) Defendant will not be prejudiced by a single trial; (3) Defendant's right to testify will not be implicated; and (4) if the Court were to grant Defendant's motion, the robberies would be admissible in the severed trials as "other acts" under Rule 404(b); therefore, Defendant will not be prejudiced by their joinder in a single trial.

With respect to Defendant's motion for notice regarding Rule 404(b) evidence, the Government is seeking to introduce Defendant's conviction for a 2018 robbery of a "Quick and Easy" convenience store in Monroe, Louisiana.  The Government argues that there is sufficient evidence to prove that the robbery occurred, and they seek to offer this evidence to prove identity, plan, and *modus operandi*.  The Government further argues that this evidence is not outweighed by the risk of unfair prejudice.

## Applicable Law & Analysis

### Notice of Rule 404(b) Evidence

Defendant requests that the Government provide written notice of any and all "other acts" evidence it intends to use at trial. He further argues that the notice must be sufficiently specific to permit pretrial resolution of admissibility questions.

It is well settled that "[u]nder Rule 404(b), when a defendant requests notification of the government's intent to introduce other-act evidence, the government must provide such notice in a reasonable form and manner." *United States v. Gonzalez*, 501 F.3d 630, 637 (6th Cir. 2007). Defendant filed his motion for notice on March 10, 2023. (ECF No. 32.) The Government subsequently provided notice on March 27, 2023, stating its intent to use the 2018 robbery conviction to prove Defendant's identity in the 2022 robberies. (*See* ECF No. 40.) Since notice has been provided, Defendant's motion for notice regarding 404(b) evidence is moot.

### Motion for Severance

A motion for severance should be granted only "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The conditions under which multiple offenses can be joined in a single indictment are set forth in Federal Rule of

6

Criminal Procedure 8(a).  Under the rule, an indictment may charge a defendant

"in separate counts with 2 or more offenses" if those offenses "are of the same or

similar character, or are based on the same act or transaction, or are connected with

or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).  Whether

offenses are properly joined under Rule 8(a) "is determined by the allegations on

the face of the indictment."  *United States v. Chavis*, 296 F.3d 450, 456-57 (6th

Cir. 2002).  While Rule 8 "should be construed in favor of joinder," it is equally

true that the "failure to meet the requirements of [Rule 8] constitutes misjoinder as

a matter of law."  *Id.* at 456 (quoting *United States v. Hatcher*, 680 F.2d, 438 440

(6th Cir. 1982)).

Even when joinder is proper under Rule 8, Federal Rule of Criminal

Procedure 14 "authorizes a defendant to move for severance in situations where

joinder of multiple offenses . . .  would be prejudicial to the defendant."  *Id.* at 457;

*see also* Fed. R. Crim. P. 14 (stating that if joining offenses "appears to prejudice a

defendant . . .  the court may order separate trials of counts . . .  or provide any

other relief that justice requires").  The Sixth Circuit has advised that "'[p]rejudice'

in this context means 'a serious risk that a joint trial would compromise a specific

trial right of [the defendant], or prevent the jury from making a reliable judgment

about guilt or innocence."  *United States v. Serrano-Ramirez*, 811 F. App'x 327,

335 (6th Cir. 2020) (quoting *Zafiro*, 506 U.S. at 539).  This is a "high bar" and the

7

"defendant must show 'compelling, specific, and actual prejudice[.]'" *See id.*
(citing *United States v. Ross*, 703 F.3d 856, 885 (6th Cir. 2012)); *see also Thomas
v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (citing *United States v. Driver*,
535 F.3d 424, 427 (6th Cir. 2008)) ("To prevail on a request for severance the
defendant must show compelling, specific, and actual prejudice."); *United States v.
Norwood*, 50 F. Supp. 3d 810, 823 (E.D. Mich. 2014) ("The standard for severance
under Rule 14 is very stringent.").

<u>"Same or Similar Character"</u>

The Government argues that because the robberies "are of the same or
similar character," they are properly joined under Rule 8.  The Government argues
that Defendant has a pattern of: (1) robbing open businesses at gunpoint; (2)
wearing the same or similar clothes during the robbery; (3) targeting businesses
that were less than three miles from his home; and (4) using his own vehicle.  (*See*
ECF No. 41 at PageID. 623.)  Defendant was also wearing a "Detroit" hat with
white lettering during each of the robberies.  The Government argues that all the
robberies therefore would be admissible in severed trials to show preparation, plan,
and identity under Rule 404(b).  For that reason, the Government further argues
that Defendant will not be prejudiced by their joinder.

The Rule 404(b) inquiry consists of three parts.  First, the court must make a
preliminary determination as to whether sufficient evidence exists that the prior act

8

occurred.  Second, the court must make a determination as to whether the "other

act" is admissible for a purpose under Rule 404(b).  Third, the court must

determine whether the "other act" evidence is more prejudicial than probative

under Rule 403.  *See United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001); *see

also* Fed. R. Evid. 403.

Turning to the first element, the Court finds sufficient evidence that the 2022

robberies alleged in the Indictment occurred.  Namely, the robberies were captured

on surveillance cameras and Defendant confessed to committing them.

Turning to the second element, the robberies would be admissible to prove

identity.  To be admissible, the crimes need not be identical in every detail, *see

United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006) (quoting *United States v.

Hamilton*, 684 F.2d 380, 385 (6th Cir. 1982)), but there must be "sufficient

distinctive similarity" to create a pattern or *modus operandi*, *id.* (citing *U.S. v.

Woods*, 613 F.2d 629, 634 (6th Cir. 1980)).  "[T]he crimes must be so similar as to

be a 'signature' of the defendant (a device so unusual or distinctive as to be like a

signature)."  *Hamilton*, 684 F.2d at 384-85 (citations omitted).  "Much more is

demanded than the mere repeated commission of crimes of the same class, such as

serial murders, robberies, or rapes."  Robert P. Mosteller, et al., 1 McCormick on

Evid. § 190.3 (8th ed. 2020).  "[T]he *modus operandi* must be unique or highly

distinctive.  Acts that are typical or predictable, commonplace or routine, cannot

9

qualify." Christopher B. Mueller, *et al.*, 1 Fed. Evid. § 4:36 (4th ed. 2023);

*compare Mack*, 258 F.3d at 553-54 (alteration added) (finding that the use of a ski

mask with a hooded sweatshirt and the method of "burst[ing] into the bank and

'leap[ing]' over the teller counter" constituted a signature); *with United States v.*

*Thomas*, 321 F.3d 627, 635 (7th Cir. 2003) (holding that dropping a handgun and

fleeing on foot upon seeing police was "garden variety" conduct inadmissible

under Rule 404(b)).

In this case, the robber wore the same or similar clothing in the four

robberies, such as: (1) a blue face covering;[1] (2) a hat that reads "Detroit" in white

lettering; and (3) blue jeans. In three of the robberies, the robber wore a black

jacket. In two of the robberies, the robber wore blue latex gloves. *See United*

*States v. Almendares*, 397 F.3d 653, 662 (8th Cir. 2005) (finding *modus operandi*

where the defendant wore a black ski mask, white gloves, a gray hooded sweatshirt

and sweatpants in one robbery and a black ski mask, white gloves, a gray

sweatshirt and jean shorts in another robbery seven months later); *see also United*

*States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002) (finding a common thread

among bank robberies to be, *inter alia*, "the donning of thick, dark-framed glasses"

and "the wearing of a beige, three-quarter length down coat"). All of the items

---

[1] Surveillance photos appear to depict the robber wearing a black scarf over his blue face covering during the Sunoco robbery on June 11, 2022. (*See* ECF No. 41 at PageID. 602.)

10

worn during the robberies alleged in the Indictment were discovered upon
Defendant's arrest.  The robber was also described as having a thin build; targeted
the same types of businesses, all within Wayne County; and committed the
robberies within a thirty-one (31) day span.  The facts of these robberies are
distinctively similar to one another to constitute a signature.

Turning to the third element, evidence of their probative value is not
outweighed by the fear of unfair prejudice, as the Court could issue a limiting
instruction for the jury to only consider evidence of the other robberies for the
purpose of identity.  "[I]f evidence is admitted under Rule 404(b), a limiting
instruction can be given cautioning the jury to consider this evidence only for one
of the permissible purposes enumerated in that Rule, thereby 'lower[ing] the
prejudicial effect' of the admitted evidence."  *United States v. Brown*, 90 F. Supp.
2d 841, 846 (E.D. Mich. 2000) (alteration in original) (quoting *United States v.
Chesney*, 86 F.3d 564, 573 (6th Cir. 1996)).

Therefore, in the event of severed trials, the four robberies in the indictment
could be introduced under Rule 404(b) to prove Defendant's identity in any one of
the trials.  As a result, he will not suffer prejudice by a single trial on all of the
robberies.  *See Rollins*, 301 F.3d at 519 ("Because evidence of the
four . . .  robberies would have been admissible if the counts had been tried

11

separately, the district court did not abuse its discretion by denying the motion to sever.").

### Risk of Prejudicial Spillover

Defendant nevertheless argues that the counts should be severed because "[t]he risk of prejudicial spillover is unavoidable" based on the volume of counts. (ECF No. 34 at PageID. 279.)  This is a conclusory assertion, however.  Defendant fails to demonstrate a risk of actual prejudice simply based on the number of counts, particularly where they reflect a "common scheme or plan" or "are of the same or similar character" and evidence of one robbery would be admissible at the trial of another under Rule 404(b).  Arguments for severance based solely on the number of counts in the indictment are regularly rejected, including in cases where the defendants faced even a greater number of counts. *See, e.g., United States v. Driver*, 535 F.3d 424, 426-28 (6th Cir. 2008) (upholding joint trial for thirteen RICO conspiracy defendants facing forty counts); *United States v. Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (brackets omitted) (quoting *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985) ("absent a showing of substantial prejudice, spillover of evidence from one count to another does not require severance"); *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001) (holding that defendant failed to show prejudice necessary to sever seven-count indictment involving two separate instances of abduction); *United States v. Willis*, 232 F. App'x 527, (6th Cir. 2007)

12

(finding no abuse of discretion in the district court's denial of motion to sever charges arising from seven robberies where the defendant "ma[de] only conclusory allegations of prejudice").

Additionally, the Court can issue a limiting instruction to cure any prejudice by the introduction of evidence to ensure that it will only be used for its proper purpose. *See Zafiro*, 506 U.S. at 539 (alterations added) ("[Even] [w]hen the risk of prejudice is high . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice"); *see also United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) ("A request for severance should be denied if a jury can properly compartmentalize the evidence."). As a result, the counts of the indictment are properly joined and there is no risk of prejudicial spillover.

<u>Conflict Regarding Defendant's Fifth and Sixth Amendment Rights</u>

Defendant further argues that his Sixth Amendment right to testify in his own defense will be frustrated by his Fifth Amendment right to remain silent if the counts in the indictment are not severed. The Sixth Circuit has held that there is no need for severance "until the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other." *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004) (quoting *United States v. Martin*, 18 F.3d 1515, 1518-19 (10th Cir. 1994)), *vacated on other grounds*, 543 U.S. 1182 (2005); *see also United States v. Saadey*,

393 F.3d 669, 679 (6th Cir. 2005) (finding that the district court did not abuse its discretion in denying the defendant's motion to sever where the defendant "presented no evidence of compelling, specific, and actual prejudice"); *Collins v. Green*, 838 F. App'x 161, 170 (6th Cir. 2020); *Stoutamire v. Morgan*, No. 12-3225, 2013 WL 12462591, at *2 (6th Cir. 2013) (citing *Bowker*, 372 F.3d at 385). Other Circuits apply this or a similar standard, *see Bowker*, 372 F.3d at 385 (collecting cases); *United States v. LaRouche*, 896 F.2d 815, 831 n.6 (4th Cir. 1990).   "Were the law otherwise, severance would be available to a defendant virtually on demand." *United States v. Fenton*, 367 F.3d 14, 23 (1st Cir. 2004).

Defendant has not made a convincing showing that he has important testimony relevant to some counts, competing with a need to refrain from testifying as to other counts.  Moreover, he provides no indication in his motion that he even intends to testify in defense of any count(s) or what his testimony would be.  His "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." *Bowker*, 372 F.3d at 385.

In summary, the four robberies in 2022 are properly joined under Rule 8 as they are of the same or similar character and evidence of each robbery would be admissible in severed trials.  Any prejudice to Defendant can be cured by a limiting instruction.  Finally, Defendant has not made a showing that his constitutional rights to testify or to remain silent would be impacted by a single trial.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever (ECF No. 34) is

**DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Notice from the

Government Regarding 404(b) evidence (ECF No. 32) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: December 19, 2023