UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

               Criminal Case No. 22-20334
               Honorable Linda V. Parker

D-1 ABDULAWAHAB MUSLEH,

  Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS (ECF NOS. 30 & 33)

  Defendant Abdulawahab Musleh has been charged in an eight-count indictment with: four (4) counts of Interference with Commerce by Robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); three (3) counts of Use and Brandishing of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); and one (1) count of Use and Discharge of a Firearm During and in Relation to a Crime of Violence, also in violation of 18 U.S.C. § 924(c).

  The charges arise from a series of robberies at three gas stations and one grocery store, all located in Wayne County, Michigan. Defendant now moves to dismiss all counts of the indictment on constitutional grounds.

**Factual Background**

On May 15, 2022, a Citgo gas station in Detroit, Michigan was robbed. The robber brandished a firearm at the cashier and ordered him to turn over the money from the register. The robber left with approximately $2,900. On June 3, 2022, a Marathon gas station in Dearborn, Michigan was robbed. The robber brandished a firearm and told the cashier to give him "everything," and also told a customer to "be still." The robber fled with approximately $1,300. On June 11, 2022, a Sunoco gas station in Detroit, Michigan was robbed. The robber brandished a firearm and demanded money from the cashier. The robber fled with money collected from the cashier.

On June 15, 2022, the Al-Bushra Market in Dearborn, Michigan was robbed. The robber brandished a firearm and demanded money from a customer. The customer did not furnish any money to the robber. The robber then discharged his firearm into the ceiling and demanded money from the cashier while ordering the first customer to assist in emptying the register. A second customer was forced to the ground at gunpoint. While exiting, the robber confronted and demanded money from a third customer, who gave the robber his wallet containing money, credit cards, bank cards, and driver's license. On June 16, 2022, officers from the Dearborn Police Department arrested Defendant. On June 17, 2023, Defendant signed an Advice of Rights form, waived his *Miranda* rights, and confessed to the

robberies laid out in the indictment. Defendant now moves to dismiss the indictment on constitutional grounds.

## Parties' Arguments

Defendant argues that the Hobbs Act, 18 U.S.C § 1951(a), which serves as the basis for Counts I, III, V, and VII (the "Odd Counts") is unconstitutional as it: (1) is an unconstitutional exercise of Congress' power under the Commerce Clause; (2) is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment; (3) violates the principles of federalism and comity of the Tenth Amendment; and (4) is overly broad.

Defendant further argues that 18 U.S.C § 924(c), which serves as the basis for Counts II, IV, VI, and VIII (the "Even Counts") is also unconstitutional as: (1) the Hobbs Act robberies under § 1951 fail to qualify as a "crime of violence" under § 924(c)'s "force" clause; and (2) § 924(c)'s "residual" clause has been declared unconstitutionally vague. In other words, Defendant argues that as a result of the Hobbs Act robberies failing to satisfy the "force" clause, and the "residual" clause being unconstitutionally vague, the Even Counts must be dismissed.

In opposition to the motion to dismiss the Odd Counts, the Government argues that: (1) the Hobbs Act does not exceed the scope of Congress' power under the Commerce Clause; (2) Courts have consistently rejected Defendant's argument that the Hobbs Act is vague, in violation of the Fifth Amendment; (3) the Hobbs

3

Act does not infringe on the sovereignty of States in violation of the Tenth Amendment; and (4) Defendant has failed to meet his burden to show the Hobbs Act is overbroad.

In opposition to the motion to dismiss the Even Counts, the Government argues that: (1) Hobbs Act robberies are still a crime of violence despite the Supreme Court invalidating the "residual" clause in *United States v. Davis*, 588 U.S. --, 139 S. Ct. 2319 (2019); and (2) Hobbs Act robberies qualify as crimes of violence under the "force" clause, not the "residual" clause.

## Applicable Law & Analysis

The Hobbs Act prohibits interference with interstate commerce by robbery or extortion. The Hobbs Act provides that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). It goes on to define "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1).

<u>18 U.S.C. § 923(c)'s "Force" and "Residual" Clause</u>

The Court will start by addressing the Even Counts. Defendant argues that the Court must dismiss the Even Counts because robbery offenses, as defined in 18 U.S.C. § 1951(b)(1), do not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3). A "crime of violence" is defined as an offense that is both: a felony; and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A)-(B). The first clause, § 924(c)(3)(A), is known as the "force" clause, while the second clause, § 924(c)(3)(B), is known as the "residual" clause.

Defendant argues that a Hobbs Act robbery does not qualify as a "crime of violence" under the "force" clause, because the clause can be violated without the use, attempted use, or threatened use of violent physical force or an intentional threat of the same. Defendant argues, by way of example, that a Hobbs Act robbery could be accomplished by putting someone "in fear of future injury to his person or property, which does not require the use, attempted use, or threatened use of violent force." (ECF No. 30 at PageID. 227.) Defendant further argues that because § 924(c)'s "force" clause requires the use of "violent" or "physical" force,

the ability to put someone in fear fails to satisfy the mens rea requirement under § 924(c)'s "force" clause. (*See id.*)

The Supreme Court recently held that the definition of "crime of violence" in the "residual" clause of § 924(c)(3) is unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. This decision expanded the Court's previous decisions in *Sessions v. Dimaya*, 584 U.S. --, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 576 U.S. 591 (2015). *See Dimaya*, 138 S. Ct. at 1213-16; *Davis*, 139 S. Ct. at 2326-27.

In *Johnson*, the Supreme Court held that the residual-clause definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. 135 S. Ct. at 2563. *Dimaya* held that the definition of "crime of violence" in 18 U.S.C. § 16(b), which is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is also unconstitutionally vague. 138 S. Ct. at 1211.

In all three of these decisions, however, the Supreme Court left the statute's "force" clause intact. *See Davis*, 139 S. Ct. at 2325; *Dimaya*, 138 S. Ct. at 1224; *Johnson*, 576 U.S. at 606; *see also United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) ("*Davis* leaves intact a separate definition of crime of violence supplied by the statute's 'elements clause.'").

Moreover, Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s "force" clause. *See Richardson*, 948 F.3d at 741 (citing *United States v.*

6

*Gooch*, 850 F.3d 285, 292 (6th Cir. 2017)). The Sixth Circuit has explicitly held that Hobbs Act robberies qualify as crimes of violence as defined in § 924(c)(3)(A)'s "force" clause. *See Gooch*, 850 F.3d at 291-92 (alteration added) (quoting § 923(c)(3)(A)) ("[18 U.S.C. §] 1951(b)(1) clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as to constitute a crime of violence under § 923(c)(3)(A)."); *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 845 (2019); *United States v. Sherrod*, Nos. 17-20292, 18-13223, 2019 WL 1746278, at *1 (E.D. Mich. Apr. 18, 2019) ("A Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c)(3)(A), not the residual clause.").

As such, the Court rejects Defendant's argument that a Hobbs Act robbery does not meet the requirements of § 923(c)'s "force" clause. Furthermore, the Court need not address Defendant's argument on vagueness of § 923(c)'s "residual" clause, as Hobbs Act robberies qualify as crimes of violence under § 923(c)'s "force" clause.

## Commerce Clause

Defendant maintains that the Hobbs Act is an unconstitutional exercise of congressional power under the Commerce Clause. (*See* ECF No. 33 at PageID. 258.) Defendant states that the Hobbs Act far exceeds Congress' legislative

7

authority under the Commerce Clause, citing the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q), as being beyond Congress' power under the Commerce Clause). (*See id.* at PageID. 260.)

Furthermore, Defendant claims that "[t]here are no effects, substantial or otherwise, on interstate commerce such that [the Hobbs Act] passes constitutional muster." (*Id.* at PageID. 263.) Accordingly, Defendant asks the Court to find the Hobbs Act to be "an unconstitutional exercise of congressional power." (*Id.*)

The Court looks to the Sixth Circuit's sizeable case law regarding the Hobbs Act, specifically its distinguishability from the statute that the Supreme Court refers to in *Lopez*. The Sixth Circuit has held:

> Unlike the statute in *Lopez*, [] the Hobbs Act involves activity which courts have repeatedly found has a *substantial effect on interstate commerce*. . . . Further, the Supreme Court has, on more than one occasion, upheld the constitutionality of the Hobbs Act. . . . And, not insignificantly, this court has already affirmed the constitutional validity of the Hobbs Act in the face of a *Lopez* challenge.

*United States v. Taylor*, 176 F.3d 331, 339 (6th Cir. 1999) (emphasis added); *see also United States v. Valenzeno*, 123 F.3d 365, 367 (6th Cir. 1997) (internal quotation omitted) (holding that the Hobbs Act "is clearly directed at the protection of interstate commerce against injury from extortion"). Furthermore, the Sixth Circuit has held that "the government must prove only that a robbery had a *de minimis* effect on interstate commerce in order to satisfy the jurisdictional

requirement of the Hobbs Act." *United States v. Baylor*, 517 F.3d 899, 901 (6th Cir. 2008).

Accordingly, Defendant's argument that *Lopez* invalidates the Hobbs Act is unconvincing. Given the Sixth Circuit's repeated holdings that the Hobbs Act is both distinguishable from *Lopez*, and that the Hobbs Act involves activity that has a "substantial effect on interstate commerce," the Court rejects Defendant's claim that the Hobbs Act is an unconstitutional exercise of congressional authority under the Commerce Clause.

## Fifth Amendment

"[A] criminal statute must give fair warning of the conduct that makes it a crime." *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964). Defendant maintains that the Hobbs Act is unconstitutional because it does not afford him fair notice that it is a federal crime to take money or property by force, threat, or intimidation. (*See* ECF No. 33 at PageID. 269.) As a result, Defendant states that the Hobbs Act violates the Due Process Clause of the Fifth Amendment's requirement of clear and unambiguous language used to give the public a fair warning that the proscribed activity is a violation of federal law.

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Supreme Court has consistently held "that the Government violates this guarantee

9

by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983)).

The Court must limit possible alternate meanings of 18 U.S.C. § 1951 as "it is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (quoting *United States v. Powell*, 423 U.S. 87, 92 (1975)); *see also United States v. Kernell*, 667 F.3d 746, 750 (6th Cir. 2012). Section 1951(a) reads:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

The statute goes on to define "robbery" as being committed "by means of actual or threatened force, or violence, or fear of injury . . ." *Id*. § 1951(b)(1). And defines "extortion" as "obtaining the property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id*. § 1951(b)(2).

Although Defendant argues that this language is insufficient to put him on notice that his alleged conduct is criminal, courts, including the Sixth Circuit, have rejected void for vagueness constitutional challenges to § 1951 and found that the statute affords ample notice. *See United States v. Chisholm*, No. 21-3271, 2022 WL 203203, at *3 n. 3 (6th Cir. Jan. 24, 2022); *United States v. Rodriguez*, 360 F.3d 949, 954 (9th Cir. 2004) (collecting cases from the Ninth, Third, and Fifth Circuits); *United States v. Beckley*, No. 15-20127, 2016 WL 5791455, at *2 (E.D. Mich. Oct. 4, 2016) (finding that the Hobbs Act is neither an unconstitutional act of Congress nor unconstitutionally vague, and does not violate the Tenth Amendment).

The Sixth Circuit also has held that extortion and robbery are commonly understood crimes. For example, in *United States v. Coss*, the court held "[e]xtortion, like robbery or murder, refers to criminal conduct that has a commonly understood meaning providing ample notice of the conduct falling within its ambit, limiting the potential for abuse in enforcement." 677 F.3d 278, 289 (6th Cir. 2012) (citing *United States v. Jackson*, 180 F.3d 55, 69 (2d Cir. 1999)).

Section 1951 explicitly states that anyone who "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion" is liable under the statute. 18 U.S.C. § 1951(a). Directly to

Defendant's argument, the statute expressly defines "robbery" and "extortion" as including *inter alia* the use of "force" or "violence." *Id.* § 1951(b)(1), (2). Defendant's actions, as alleged in the indictment, fall within the ambit of the statute. The express language of the statute prevents arbitrary enforcement and unpredictability as it is clear that obstructing commerce by robbery or extortion is punishable under federal law.

Thus, the use of extortion and robbery language in § 1951 gives ordinary people fair and ample notice of the conduct the statute prohibits. Additionally, because of the commonly used language, the statute limits arbitrary enforcement. Therefore, the statute is not unconstitutionally vague.

## Tenth Amendment

The Tenth Amendment states that "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people." U.S. Const. amend. X. Defendant argues that "[t]his federal prosecution unjustifiably usurps and interferes with Michigan's sovereignty . . . and is therefore unconstitutional under the Tenth Amendment." (ECF No. 33 at PageID. 266.) However, the Hobbs Act "manifest[s] a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery, or physical violence." *Stirone v. United States*, 361 U.S. 212, 215 (1960) (alteration added).

The Sixth Circuit has made clear that "Congress does not violate the Tenth Amendment when it enacts legislation through the lawful exercise of its commerce clause power." *Beckley*, 2016 WL at *2 (citing *United States v. McHenry*, 97 F.3d 125, 131 (6th Cir. 1996)). Importantly, to lawfully exercise Congress' Commerce Clause power, there only needs to be a *de minimis* effect on interstate commerce. *See United States v. Baylor*, 517 F.3d 899, 901 (6th Cir. 2008). As previously mentioned, "the Hobbs Act involves activity which courts have repeatedly found has a *substantial* effect on interstate commerce." *Taylor*, 176 F.3d at 339 (emphasis added). Consequently, "[t]he Hobbs Act . . . is a valid exercise of Congress' power to regulate and protect such commerce." *Valenzeno*, 123 F.3d at 368 (alteration added).

This Court is persuaded by the conclusion of the several circuit courts that have considered the same issue and held that the Hobbs Act does not intrude upon the sovereignty of the States. *See United States v. Fredericks*, 684 F. App'x 149, 157 (3d. Cir. 2017) (rejecting the argument that the application of the Hobbs Act would transform the Act into a general police power by the Federal Government); *United States v. Simpson*, 659 F. App'x 158, 160-61 (4th Cir. 2016) (rejecting the argument that the Hobbs Act violated the Tenth Amendment because it criminalizes a matter reserved to the States); *United States v. Jarrett*, 705 F.2d 198, 203 (7th Cir. 1983) (reasoning that because the Hobbs Act does not displace the

states' freedom to prosecute robberies, the Act presents no constitutional problems). Accordingly, the Court finds the Hobbs Act to be within the power given exclusively to the federal government and finds no violation of the Tenth Amendment.

### Overbroad

Lastly, Defendant argues that the Hobbs Act is unconstitutional because it is overbroad. "To show that a statute is unconstitutionally overbroad, [a party] must demonstrate from the text of the statute and from actual fact that a substantial number of instances exist in which the law cannot be applied constitutionally." *Am. Booksellers Found. for Free Expression v. Strickland*, 601 F.3d 622, 627 (6th Cir. 2010) (quoting *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 336 (6th Cir. 2009) (en banc)).

Specifically, Defendant argues that the Hobbs Act is overbroad because the statute can impinge upon an individual's First Amendment right to free speech and can affect labor unions, civic organizations, and private citizens in their exercise of constitutional rights. (*See* ECF No. 33 at PageID. 268.) Defendant does not provide support for this contention or otherwise show how the Hobbs Act's prohibition on extortion, robbery, or threats of physical violence in furtherance thereof, impinges on one's constitutional rights.

Further, Defendant has not made a showing of a substantial number of instances where the law cannot be applied constitutionally. "Declaring a statute facially unconstitutional because of overbreadth 'is, manifestly, strong medicine,' and 'has been employed by the Court sparingly and only as a last resort.'" *Bigelow v. Virginia*, 421 U.S. 809, 817 (1975) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)). Thus, the Court finds that the Hobbs Act is not constitutionally overbroad.

Accordingly,

**IT IS ORDERED** that Defendant's Motions to Dismiss (ECF Nos. 30 & 33) are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 19, 2023